

Veronika V. Miroshni[chenko]
503 Waterford Drive  08CV293
Oswego, Illinois 6054  JUDGE NORGLE
Ph: 630-636-6149  MAG. JUDGE NOLAN

FILED
JAN 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. D[ISTRICT COURT]

# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Veronika MIROSHNICHENKO, | Case No.: |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| vs. | |
| Robert L. BLACKWOOD, Field Office Director, United States Citizenship & Immigration Services, | |
| Defendant | IMMIGRATION CASE |

## COMPLAINT FOR DECLARATORY RELIEF

### I. INTRODUCTION

This action is brought by Plaintiff seeking an order declaring that she is eligible for registration as, or adjustment of status to, a Legal Permanent Resident under the Immigration and Nationality Act (INA) since she relocated to the United States as "K-2" visa beneficiary together with her mother, a "K-1" visa beneficiary, who married her U.S. citizen fiancé within 90 days of entry and whose I-485 Application to Register Permanent Residence was approved by the Defendant. While properly approving Plaintiff's mother's application, Defendant denied Plaintiff's application on asserted grounds that the INA prohibits adjustment of children who attain the age of 21 prior to final adjudication of the I-485 application. Plaintiff contends that the INA contains no such prohibition and requires only that she be under the age of 21 to be eligible for the K-2 visa. An actual controversy has therefore arisen between Plaintiff and Defendant.

## II. PARTIES

1. Plaintiff, Veronika Miroshnichenko, is an applicant for registration of permanent residence or adjustment of status and resides in Kendall County, Illinois. Her alien registration number is A-096609123.

2. Defendant Robert L. Blackwood is sued in his official capacity as Director of the Chicago Field Office of the United States Citizenship and Immigration Services (USCIS), an agency within the Department of Homeland Security, which is charged by law with the duty of processing and adjudicating applications to "Register Permanent Residence or Adjust Status" (form I-485) under the INA.

## III. JURISDICTION

3. This is a civil action brought pursuant to 28 USC §§1331, 2201 and 2202 to redress the deprivation of rights, privileges, and immunities secured to Plaintiff by which jurisdiction is conferred and authorizing declaratory judgment. Jurisdiction is also conferred by 5 USC §704.

4. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, USC §504 and 28 USC §2412, *et. seq.*

## IV. VENUE

5. Venue is proper in Chicago, Illinois and the Northern District of Illinois since Plaintiff resides in Kendall County, in northern Illinois.

## V. FACTS

6. Plaintiff Veronika Miroshnichenko is a citizen of Russia who now lives in Chicago, Illinois with her natural mother Natalia Monro and Natalia's husband John Monro who is a U.S Citizen.

7. Plaintiff was born October 29, 1984 in Artem, Primorsky Region, Russia.

8. Plaintiff was issued a K-2 visa concurrently with a K-1 Fiancé(e) visa being issued to her mother on March 22, 2005. Both visas were issued pursuant to an approved Petition for

Alien Fiancé(e), Form I-129F, filed by John Monro with USCIS and approved Visa Applications (DS-156) submitted to the U.S. Embassy in Moscow under statutory authority afforded by INA §214(d).

9. On May 25, 2005, Plaintiff's mother traveled to the United States and was admitted by immigration agents the same day.

10. Plaintiff's mother married John Monro on July 8, 2005.

11. Subsequent to her mother's marriage, Plaintiff withdrew from her studies at the Maritime State University in Vladivostok, Russia where she had completed 4 years as an honor student and followed her mother to the United States, being lawfully admitted on August 6, 2005.

12. On August 18, 2005, Plaintiff and her mother filed concurrent forms I-485 Application to Register Permanent Residence or Adjust Status. Each checked box "c" under Part 2 of the application which is labeled, *"I entered as a K-1 fiancé(e) of a United States Citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). [Attach a copy of the fiancé(e) petition approval notice and a copy of the marriage certificate.]"*

13. Under the heading "Who may file?", the printed instruction published by USCIS and which accompany form I-485 reads, *"If you were admitted as the K-2 child of such a fiancé(e), you may apply to adjust status based on your parent's adjustment application."*

14. On May 15, 2006, Plaintiff and her mother attended an interview in USCIS offices in connection with their I-485 applications.

15. On May 19, 2006, Plaintiff's mother received her card identifying her as a Permanent Resident of the United States.

16. The following month, Plaintiff received a letter from USCIS dated June 16, 2006 in which the acting director informed Plaintiff that her application had been denied for technical age-related reasons.

17. On July 17, 2006, Plaintiff filed a Motion to Re-open/Reconsider.

18. On November 30, 2006, Plaintiff's case was re-opened.

19. On April 23, 2007, Defendant Blackwood wrote an <u>Amended Decision on Adjustment of Status Application</u> citing reasons why Plaintiff's age prevented him from approving her I-485 application. Defendant concluded his letter, "...*this decision leaves you without lawful immigration status and you are therefore present in the United States in violation of the law......you are required to depart the United States.*"

20. USCIS regulations do not afford the Plaintiff an opportunity for appeal.

## VI. CAUSE OF ACTION

21. Plaintiff contends that Defendant has improperly denied her the rights and privileges of Permanent Residence in the United States and that said denial is based upon an unreasonable interpretation of the INA and is therefore arbitrary and capricious.

## VII. PRAYER

22. Wherefore, Plaintiff respectfully asks the Court to grant declaratory relief as follows:

  A. That the USCIS be ordered to re-open Plaintiff's case and adjudicate her Legal Residence status favorably, concomitant with that granted to her mother and as of the same date.

  B. That the Court order any and other such relief as it may deem just and proper, including costs and fees incurred by Plaintiff's family since the initial denial.

Dated this 8th day of January, 2008

_____
Veronika Miroshnichenko
Pro Se