UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERONIKA MIROSHNICHENKO | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 0293 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| ROBERT BLACKWOOD, FIELD OFFICE | ) | |
| DIRECTOR, U.S. CITIZENSHIP & | ) | |
| IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The defendants, by and through their attorney, PATRICK J. FITZGERALD, the United

States Attorney for the Northern District of Illinois, hereby submit a memorandum in support of

their Motion to Dismiss plaintiff's complaint for judicial review over the defendants' decision to

deny plaintiff's adjustment of status application. Plaintiff asserts that the district court has

jurisdiction for the review by way of the Administrative Procedures Act, Declaratory Judgment and

federal question jurisdiction challenging the decision of the Department of Homeland Security,

Citizenship and Immigration Services (DHS,CIS) in denying her application for adjustment of status.

However, the defendants submit that there is no statutory jurisdiction for this case, pursuant to 8

U.S.C. Sec. 1252(a)(2)(B), as amended by Section 101(f) of the REAL ID Act of 2005, Pub. L. 109-

113, Div. B, 119 Stat. 231 ("RIDA"). Furthermore, it is the position of the defendants that APA

review is not available because the field office director's decision is not made reviewable by statute

and it is not a final action; and without an independent basis for jurisdiction over the matter,

declaratory relief is also not available.

**Argument**

I.    **The REAL ID Act and Recent Seventh Circuit Cases Clearly Define That 8 U.S.C. Sec. 1252(a)(2)(B)(ii) and Section 1252(g) Expressly Preclude Review of Discretionary Determinations Made by The Attorney General and His Delegates, USDHS, CIS.**

Plaintiff alleges as a cause of action that the field office director improperly denied her application and that the decision is erroneous and contrary to law. Complaint ¶ 21. Further the plaintiff prays that: (1) the court declare that the USCIS should reopen plaintiff's case and adjudicate her application for adjustment of status favorably; and (2) order any other relief the court may deem appropriate including costs and fees incurred by plaintiff's family since the initial denial. (*See* Complaint ¶ 22 A, and B). All of these requests are barred by the statute: there is no basis in the law for any of these prayers for relief as the law is clear that the decision of the field office director to deny plaintiff adjustment of status is a discretionary decision over which this court has no subject matter jurisdiction. *See* 8 U.S.C.§1252(a)(2)(B)(ii); *see also Holy Virgin Protection Cathedral v. Michael Chertoff*, 499 F.3d 658 (7th Cir. 2007); *Hamdan v. Gonzales,* 425 F.3d 1051, 1057 (7th Cir. 2005). The "factual and legal determinations" of the USDHS, CIS comprise the decision of the district director, and to argue that the court should direct the defendants to approve the application is the equivalent of stating that the plaintiff did not agree with the decision based upon *her* interpretation of the facts and the law. (*Id.*) A decision or "judgement" as the statute states, has been made by the USDHS, CIS which plaintiff may choose to challenge before an immigration judge in removal proceedings, when that occurs. *See Chapinski v. Ziglar,* 278 F.3d 718, 721 (7th Cir. 2002); *see also* Govt. Ex. 1. Until plaintiff has exhausted those administrative remedies, there is no jurisdiction for this matter before the district court. *See Holy Virgin*, *supra* at 662: "Following our ruling, [petitioner] may well be placed in removal proceedings, at the conclusion of which she may

conceivably seek review in this court (not the district court);" s*ee also  Cardoso v. Reno,* 216 F.2d

512, 518 (5th Cir. 2000)(citing 8 U.S.C. Sec. 1252(d)).

Plaintiff's claim for relief falls squarely under the jurisdictional bar defined at 8 U.S.C..

§1252(a)(2)(B)(ii) of the Immigration and Nationality Act which expressly removes jurisdiction from

the courts to review "any judgment" regarding adjustment of status applications "notwithstanding

any other provision of law."  Jurisdiction in this matter rests with the Attorney General and his

delegates, USDHS, CIS.  The recent enactment of the REAL ID Act of 2005, Pub. L. 109-13, Div.

B, 119 Stat. 231 ("RIDA"), and specifically Section 106(a), which amended section 242 of the

Immigration and Nationality Act, pertains to the jurisdiction of federal courts to review orders of

removal and other actions taken by the Department of Homeland Security (DHS).  Specifically,

Section 101(f) of RIDA amended Section 242(a)(2)(B), 8 U.S.C. Sec. 1252(a)(2)(B) to provide that

the jurisdictional bar on judicial review of certain discretionary decisions applies without regard to

whether the judgment, decision, or action was made in removal proceedings.

Defendants submit that 8 U.S.C. Section 1252(a)(2)(B)(i) and (ii), as amended by RIDA,

divest this court of subject matter jurisdiction to review plaintiff's claim regarding his application

for adjustment of status under 8 U.S. C. Sec. 1255, Section 245 of the INA.   The plaintiff's

application for adjustment of status definitely falls under the discretion of the defendant.  The statute

clearly reads:

> The status of an alien who was inspected and admitted or paroled into
> the United States or the status of any other alien having an approved
> petition for classification under subparagraph (A)(iii), (A)(iv), (B)(ii),
> or (B)(iii) of section 204(a)(1) or *may be adjusted* by the Attorney
> General, *in his discretion* and under such regulations as he *may
> prescribe,* to that of an alien lawfully admitted for permanent
> residence if. . .

3

8 U.S.C. Section 1255(a),  INA Sec. 245(a) (emphasis added).  RIDA Section 101(f) provides, in

pertinent part:

> CLARIFICATION OF DISCRETION.— Section 242(a)(2)(B) of the
> Immigration and Nationality Act (8 U.S.C. Sec. 1252(a)(2)(B) is
> amended—
>
> (1) by inserting "or the Secretary of Homeland Security" after "Attorney General"
> each place such term appears; and
>
> (2) in the matter preceding clause (i), by inserting "and regardless of whether the
> judgment, decision or action is made in removal proceedings," after "other provision
> of law."

Clearly, Congress intended to divest the federal courts of jurisdiction to review decisions,

judgments, or actions falling within 8 U.S.C. Sec. 1252(a)(2)(B)(i) and (ii), without regard to

whether those decisions, judgements or actions occurred in the context of a removal proceeding or

outside of it.  *See El-Khader v. Monica,* 336 F.3d 562, 563 (7th Cir. 2004); *Chapinski v. Ziglar,* 278

F.3d 718, 720-21 (7th Cir. 2002).  Plaintiff has applied for adjustment of status outside of removal

proceedings and has received a decision on that application from the district director.  *See* Amended

Complaint at ¶20.  RIDA Sec. 101(f) makes it clear that a discretionary decision to deny adjustment

of status under 8 U.S.C. §. 1255 is immune from judicial review, whether it was made in a removal

proceeding, or outside of it.  This legal concept has been consistently reiterated by the Seventh

Circuit as well: "no court shall have jurisdiction to review. . .any. . . decision or action of the

Attorney General, other than the granting of [asylum]."  *See El-Khader v. Monica,* 366 F.3d 562, 563

(7th Cir. 2004).

8 U.S.C. Sec. 1252(a)(2)(B), as amended by RIDA, provides:

> (2) Matters not subject to judicial review.
>
> (B) Denials of discretionary relief.   Notwithstanding  any  other

4

provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, and 1651 of such title, and except as provided in subparagraph (d) and regardless of whether the judgment, decision or action is made in removal proceedings no court shall have jurisdiction to review---

(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified unde this title to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a).

Plaintiff is an applicant for adjustment of status under 8 U.S.C. Sec. 1255, Section 245 of the Immigration and Nationality Act. (Amended Complaint ¶20). Under Section 245 of the Act, an alien's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if: (1) the alien makes an application for adjustment; (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) an immigrant visa is immediately available to him at the time his application is filed." *Howell v. INS,* 72 F.3d 288, 290-91 (2nd Cir. 1995); 8 U.S.C. §1255, Sec. 245 of the Act. Thus, even if all the factors are met in items (1) through (3), the ultimate decision on the application remains soundly within the discretion of the Attorney General or the Secretary of Homeland Security. 8 U.SC. § 1255 (a).

In this case, the administrative decision has been made, and while plaintiff may disagree with that decision, it remains a discretionary decision which the statute and case law clearly have determined this court has no jurisdiction to review. 499 F.3d 660. Under the immigration statute, and as supported by the case law of the Seventh Circuit, plaintiff has no jurisdictional basis upon

which to bring this case in district court, and the complaint must be dismissed.

Finally, under 8 U.S.C. §1252(g) of the immigration statute: " . . .no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."  Because plaintiff is now under removal proceedings as initiated by the filing of a Notice to Appear before the immigration court, jurisdiction over her immigration case rests exclusively with the immigration judge where she may bring any and all defenses to her removal.  *Id. See* Govt. Ex. 1, Notice to Appear.

## II.    Plaintiff May Not Assert a Claim Under the Declaratory Judgment Act nor Under the APA as a Way Around the Judicial Review Limitations of the Immigration Statute and Case Law.

The Declaratory Judgment Act  does not establish an independent basis for jurisdiction that would provide this court with judicial review over plaintiff's case.  *See Amoakowaa v. Reno,* 94 F.Supp.2d 903 (N.D.Ill. 2000), *citing Balanyi v. Local 1031, Int'l Brotherhood of Elec. Workers AFL-CIO,* 374 F.2d 723, 725 (7th Cir. 1967);  *see also Holasek v. United States Department of Justice* 123 F. Supp.2d at 1129.  Since there is no independent jurisdictional basis for this claim, there is no jurisdiction conferred by the Declaratory Judgment Act.

However, there is no independent basis for jurisdiction in this matter.  Since there is no subject matter jurisdiction for plaintiff's claim under the immigration statute, she seeks to invoke the declaratory judgment statute.  This attempt must necessarily fail.  Plaintiff  must have a form of relief available upon which the court may grant her request, and there is no relief that the district court can provide under the circumstances of this case.

Because plaintiff seeks a remedy which is not available, her claim does not present a

6

justiciable "case or controversy," and must necessarily be dismissed. *Iddir v. INS,* 301 F.3d 492, 500-01; *see also Nyaga v. Ashcroft*, 323 F.3d 906, 916 (11th Cir. 2003). Article III of the Constitution defines federal judicial power in terms of categories of "Cases" and "Controversies." U.S. Const., art. III, Section 2. The case or controversy requirement imposes substantial constitutional limitations on federal courts. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). Under this doctrine, plaintiff's case would be moot, as "there is no possible relief which the court could order that would benefit the party seeking it." *McKinney v. Indiana Michigan Power Co.,* 113 F.3d 770, 772 (7th Cir. 1997). When a case is moot, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971).

As the district court held in *Amoakowaa v. Reno,* 94 F. Supp.2d 903 (N.D. Ill 2000), plaintiff has no constitutionally protected interest in the procedure by which the DHS, CIS may have denied her request for adjustment of status. Courts have made clear that alien-plaintiffs have no constitutionally protected interest in immigrant visas or the procedures by which such visas are obtained. *DeAvilia v. Civiletti,* 643 F.2d 471, 477 (7th Cir. 1981)("Visa applicants have no vested right in the issuance of visas."); *Azizi v. Thornburgh,* 908 F.2d 1130, 1134 (2d Cir. 1990)("[Plaintiffs] cannot succeed on their due process challenge because they do not have an inherent property right in an immigrant visa."). *See also Landon v. Plasencia,* 459 U.S. 21, 32, 103 S.Ct. 321, 329, 74 L.Ed.2d 21 (1982)("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional right regarding his application for the power to admit or exclude aliens is a sovereign prerogative.") As plaintiff's request for adjustment of status has been denied, any review of that may be had in the immigration

court, when her case is processed for review.  There is however, no jurisdiction in the district court for this claim.

Finally, the Administrative Procedure Act does not give plaintiff a basis for jurisdiction either, because "[u]nder the Administrative Procedures Act, 5 U.S.C. §704, "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. The Field Office Director's denial of an adjustment fo status is not made reviewable by statute and it is not a final action, so the Administrative Procedures Act offers no basis for jurisdiction." *Afsharzadehyadzi v. Perryman,* 214 F. Supp.2d 884 (N.D. Il 2002), citing *Holasek v. United States Department of Justice,* 123 F. Supp.2d 1126, 1128-29 (N.D. Ill. 2000)(Darrah, J.);  *Diallo v. Reno,* 61 F. Supp.2d 1361, 1367 (N.D. Ga. 1999).

The defendants urge the court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and under Fed. R .Civ. P. 12(b)(6) for failure to state a claim because section 242(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252(a)(2)(B)(ii), as amended by RIDA Sections 101(f) and 106(a), expressly removes jurisdiction from the courts to review "any other decision or action of the Attorney General the authority for which is specified under this title to be in the discretion of the Attorney General. . ."  Clearly, under the statute which governs adjustment of status, jurisdiction rests with the Attorney General and his delegates, the US DHS, CIS.   The statutory language is clear, and imposes no duty upon the Attorney General or the Secretary of US DHS, to grant plaintiffs' application.  Furthermore 8 U.S.C. §1252(g) bars any review by this court of the agency's discretionary determination regarding placing plaintiff in removal proceedings. *Reno v. AADC,* 525 U.S. 471 (1999); *Chapinski v. Ziglar,* 278 F.3d 718 (7th Cir. 2002).

Therefore, because the authority rests with the Attorney General and the Secretary of DHS under the statute, as amended, the Seventh Circuit has clearly held that the district court does not have jurisdiction to consider this case. *See Holy Virgin Protection Cathedral v. Chertoff,* Slip Op. 06-3387 (7th Cir. August 24, 2007); *El-Khader v. Monica*, 366 F.3d 562 (7th Cir. 2004); *Samirah v. O'Connell,* 335 F.3d 545, 548 (7th Cir. 2003)(regarding decisions left "to the discretion of the Attorney General. . .8 U.S.C. Sec. 1252(a)(2)(B)(ii) precludes judicial review of such decisions"); *Chapinski v. Ziglar,* 278 F.3d 718 (7th Cir. 2002). Well before the statute was amended, the Seventh Circuit held that the preclusion of judicial review found at 8 U.S.C. Sec. 1252(a)(2)(B)(ii) is not limited to the discretionary decisions made in the context of removal proceedings. *Samirah,* 335 F.3d 548, citing, *CDI Information Servs., Inc. v. Reno,* 278 F.3d 616, 620 (6th Cir. 2002); *accord Van Dinh v. Reno,* 197 F.3d 427, 434 (10th Cir. 1999); *El-Khader v. Perryman,* 264 F.Supp.2d 645 (N.D.Ill. 2003); *Systronics Corp. v. INS,* 153 F.Supp.2d 7, 11 (D.D.C. 2001); *Avramenkov v. INS,* 99 F.Supp.2d 210, 214 (D.Conn. 2000).

As the Seventh Circuit stated in its ruling on this subject, "the plain language of Section 1252(a)(2)(B)(ii) bars courts from reviewing any discretionary decisions of the Attorney General made under the authority of sections 1151 through 1378 of Title 8 of the United States Code, which collectively constitute the subchapter that Section 1252(a)(2)(B)(ii) references." *El-Khader v. Perryman,* 366 F.3d 562, 566(7th Cir. 2004)(citing *Samirah,* 335 F.3d 548, 549). The discretionary decision to grant an adjustment of status application is found clearly in 8 U.S.C. Section 1255(a), and given that it is a provision which is specified under the subchapter mentioned in Section 1252(a)(2)(B)(ii), judicial review over this decision is precluded as well. *See El-Khader,* 366 F.3d 562, 567, *Samirah,* 335 F.3d at 548.

9

## Conclusion

In conclusion, plaintiffs clearly seek relief that this court cannot grant without acting contrary to law, and  this court does not have jurisdiction to review the adjudication of the Attorney General and his delegates.  Thus, for the foregoing reasons, the defendants respectfully request that the case be dismissed with prejudice for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:s/Sheila McNulty
    SHEILA McNULTY
    Special Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-8788

## CERTIFICATE OF SERVICE

The undersigned Special Assistant United States Attorney hereby certifies that the following documents:

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION

was served on February 14, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers and by regular mail to any non-ECF filer:

s/Sheila McNulty
SHEILA McNULTY
Special Assistant U.S. Attorney
219 South Dearborn Street
Chicago, Illinois 60604