

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONIKA MIROSHNICHENKO, | )<br>) |
| Plaintiff, | )<br>) No. 08 C 0293 |
| vs. | )<br>) |
| ROBERT L. BLACKWOOD, Field Office Director, United States Citizenship & Immigration Services, | )  Judge: Norgle<br>)<br>)<br>) |
| Defendant. | ) |

### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

The Plaintiff hereby submits her memorandum in opposition to Defendant's Motion to Dismiss. This memorandum is also submitted in compliance with the Court's order that the parties provide briefs on the issue of jurisdiction.

### Argument

<u>Right to Judicial Review</u>

The Administrative Procedure Act (APA) states that a person who is suffering a legal wrong because of agency action, or who is adversely affected by agency action within the meaning of a relevant statute is entitled to judicial review. *See* 5 USC § 702 et. seq. The APA has been used to remedy unlawful action by immigration agencies in various type of immigration case that fall outside of the removal context.[1] Below is a list of a few such cases:

---

[1] The Immigration and Nationality Act (INA) specifies that a petition for review in a federal court of appeals is the "sole and exclusive means for judicial review" of an order of removal. 8 USC § 1252(a)(5): *see also* 8 USC § 1252(b)(9).

- USCIS denial of an adjustment of status reversed where the agency erred in finding the plaintiff ineligible for adjustment, *Pinho v. Gonzales*, 432 F.3d 193 (3rd Cir. 2005);
- INS denial of a religious worker visa petition reversed where it was based upon the improper application of a regulation, *Camphill Soltane v. USDOJ*, 381 F.3d 143 (3d Cir. 2004);
- Motion to dismiss denied where court found that plaintiffs adequately stated an APA claim against USCIS and the FBI over delays in processing adjustment and naturalization applications, *Kaplan v. Chertoff*, No. 06-5304, 2007 U.S. Dist. LEXIS 22935, *71-72 (E.D. Pa. Mar. 29, 2007);
- USCIS decision that a K-2 child was ineligible for adjustment of status reversed where the agency erred in finding the child "aged out." *Verovkin v. Still*, No. C 07-3987, 2007 U.S. Dist. LEXIS 93904 (N.D. Ca. Dec. 21, 2007).

Plaintiff agrees that while the APA waives sovereign immunity in suits for injunctive relief against the government and provides a means for bringing forth a cause of action against an agency of the government, it is not an <u>independent</u> grant of subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99 (1977)

In cases such as those mentioned above, as well as the present action, jurisdiction is based primarily on 28 USC §1331. This statute provides a general grant of subject matter jurisdiction to federal district courts in civil actions over "federal questions" arising under the Constitution, laws or treaties of the United States.

The Supreme Court has found that 28 USC § 1331 serves as the jurisdictional basis for federal courts "to review agency action." *Califano v Sanders* 430 U.S. 105 (1977); *see also Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988) "[I]t is common ground that if review is proper under the APA, the District Court has jurisdiction under 28 U.S.C. § 1331."

<u>Bar to Federal Court Review of Certain Discretionary Actions</u>

8 USC § 1252(a)(2)(B)(i) and (ii) precludes review of certain discretionary decisions in the non-removal context and specifically refers to sections 1182(h), 1182(i),

1229b, 1229c, or 1255 and any other decision or action of the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the Secretary's discretion.

Defendant argues that **all** decisions concerning adjustment of status are barred from judicial review because § 1255 commits such decisions to the discretion of the Secretary and that therefore, his decision denying Plaintiff's application on grounds that she was statutorily ineligible falls under the jurisdiction stripping language of 8 USC § 1252(a)(2)(B)(i). As discussed below, the courts have taken a different view.

First, it is not settled that § 1255 is the only section of law allowing adjustment of status of K-1 and K-2 visa beneficiaries. It has been argued that legal permanent residence is acquired under other provisions of law, namely 8 USC §§ 1184(d) and 1186a(g)(1)(B), which pertain exclusively to fiancé(e)s and their children.[2] 8 USC § 1252(a)(2)(B) does not contemplate these sections. Until the question of applicable law is settled, the Court must reserve jurisdiction to determine if it has jurisdiction.

Further, should the Court determine that the Plaintiff's case necessarily falls under Section 1255, there remains the question of whether the Defendant's decision was the result of an *actual* exercise of discretion. A majority of courts that have interpreted 8 USC § 1252(a)(2)(B) have found that the phrase "judgment regarding the granting of relief" applies only to the discretionary portion of the decision. See *Iddir v. INS*, 301 F.3d 492, 497 (7th cir. 2002); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137 (9th Cir. 2002); *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176 (3d Cir. 2003). Where there has been no actual exercise of discretion, there is no bar on jurisdiction.

---

[2] *Jiang v. Still* 2007 WL 685700 (E.D. Cal.)

No Jurisdictional Bar on Eligibility Issue Involving a Question of Law

The Defendant's action was based solely upon his non-discretionary determination that the Plaintiff was statutorily ineligible for legal permanent residence. Ten Courts of Appeals have unanimously held that § 1252(a)(2)(B) does not apply to non-discretionary questions of statutory eligibility for the enumerated immigration benefits.[3]

In each of the following cases, the courts found jurisdiction even though the underlying application for relief was specified in 8 USC § 1252(a)(2)(B)(i):

- Whether a person has satisfied the continuous presence eligibility requirement of cancellation. See *Mireles-Valdez v. Ashcroft*, 249 F.3d 213 (5th Cir. 2005); *Reyes-Vasquez v Ashcroft*, 395 F.3d 903 (8th Cir. 2005); *Tapia v. Gonzales*, 430 f.3d 1330 (11th Cir. 2005).
- Whether an adult daughter is a qualifying relative for purposes of the hardship requirement for cancellation. See *Montero-Martinez v. Ashcroft*, 277 F.3d 1137 (9th Cir. 2001).
- Whether a regulation violates 8 USC § 1255 (adjustment of status). See *Succar v. Ashcroft*, 394 F.3d 8, 19-20 (1st Cir. 2005).
- Whether a person lacks good moral character as a matter of law. See *Sepulveda v. Gonzales*, 407 F.3d 59 (2nd Cir. 2005).

In his letter to Plaintiff dated April 23, 2007 and attached hereto as "Plaintiff Exhibit A", Defendant explained his adverse decision by pointing out that Plaintiff was 20 years old when she entered the United States on a valid K-2 visa and also when her mother married her citizen fiancé. Defendant offered that Plaintiff would have to have been

---

[3]    See *Singh v. Gonzales*, 413 F.3d 156, 160, n.4 (1st Cir. 2005); *Sepulveda v Gonzales*, 407 F.3d 59, 63 (2nd Cir. 2005); *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176 (3d Cir. 2003); *Mireles-Valdez v. Ashcroft*, 349 F.3d 213 (5th Cir. 2003); *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005); *Morales-Morales v. Ashcroft*, 384 F.3d 418, 423 (7th Cir. 2004); *Ortiz-Cornejo v. Gonzales*, 400 F.3d 610, 612 (8th Cir. 2005); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1140 (9th Cir. 2002; *Schroeck v. Gonzales*, 429 F.3d 947, 950 n.2 (10th Cir. 2005); *Gonzales-Oropeza v. U.S. Attorney General*, 321 F.3d 1331, 1332 (11th Cir. 2003).

younger that 18 years of age at the time of her mother's marriage in order to be eligible for adjustment under INA § 245 [8 USC § 1255] as the step-child of a United States citizen which is, in Defendant's view, the only way she could met the "immediately available" visa requirement of § 245(a) since children of legal permanent residents do not have immediate visa availability.

Two months ago, the *Verovkin* Court addressed this same interpretation:

> "...there is no statutory requirement that K-2 visa holders demonstrate that they are still under twenty-one when they apply for permanent residence. By imposing such a requirement in Plaintiff's case, USCIS applied an unreasonable interpretation of the INA. Such a requirement is at odds with the fact that a child can receive a K-2 visa up until the day of his or her twenty-first birthday. Following Defendant's interpretation of the age requirement, a K-2 visa issued under these circumstances would be worthless the next day. Congress could not have intended such an absurd result." *Verovkin v. Still*, No. C 07-3987, 2007 U.S. Dist. LEXIS 93904 at *20 (N.D. Ca. Dec. 21, 2007).[4]

<u>Jurisdiction is Not Commandeered by After-the-Fact Commencement of Removal Proceedings</u>.

Three weeks after the commencement of this action, Defendant attempted to hijack jurisdiction from this Court by transferring the case file from USCIS to Immigration and Customs Enforcement (ICE) which is a sister agency under the Department of Homeland Security (DHS) and by mailing the Plaintiff a "Notice to Appear" at an unspecified date in the future, to be considered for removal from the United States. *Government Exhibit 1*. It is unclear when, or if, the matter was actually filed in immigration court.

It appears from his argument that the Defendant took this action in order to create an illusion that his decision to deny was not a final action. In fact, Defendant's decision is a final action within his agency.

---

[4] *Verovkin v. Still* is identical is essential facts and circumstances to the present case.

Removal proceedings fall under the jurisdiction of ICE and any determination by the Immigration Judge regarding removal is separate and distinct from the present action for a declaration of eligibility to adjust. Indeed, a declaration of eligibility by this Court would likely moot and terminate any removal proceedings elsewhere.

## Conclusion

Defendant understandably desires to invalidate the whole of the APA and leave all his decisions effectively immune from judicial review. Defendant reasons that if he has been vested with discretionary powers by Congress, then Defendant may exercise that discretion to decide that all of his decisions are the result of his use of discretion. In this manner and without the real possibility of judicial review of his actions, Defendant would effectively be replacing actual immigration law with his own interpretations of same.

Judicial review of USCIS legal interpretations is essential to avoid the kind of distortion of immigration law and policy that necessitated the bringing of this action. Therefore, Plaintiff requests that this Honorable Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

Dated this 22nd day of February, 2008

s/ Veronika Miroshnichenko
503 Waterford Drive
Oswego, Illinois 60543
Ph: 630-636-6149
E-Mail: veronika.miro@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following document:

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

was served on February 22, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

s/ Veronika Miroshnichenko
503 Waterford Drive
Oswego, Illinois 60543
Ph: 630-636-6149
E-Mail: Veronika.miro@gmail.com

PLAINTIFF EXHIBIT A

U. S Department of Homeland Security
101 W Congress Parkway
Chicago, IL. 60605



**U.S. Citizenship and Immigration Services**

APR 2 3 2007

Veronika Miroshnichenko
503 Waterford Dr
Oswego, IL 60543

CC: Attorney of record:
Richard Hanus
161 N Clark St Ste 2500
Chicago, IL 60601

RE: A096 609 123

### AMENDED DECISION ON ADJUSTMENT OF STATUS APPLICATION

Dear Veronika Miroshnichenko:

On August 18, 2005, you submitted a Form I-485 (Application to Register Permanent Residence or Adjust Status) to adjust status to that of a permanent resident. Upon consideration, it is ordered that your application to adjust status to that of a permanent resident of the United States be denied for the following reasons:

The Immigration and Nationality Act (INA) Section 101 states:

(b) As used in titles I and II-

(1) The term "child" means an unmarried person under twenty-one years of age who is-

(A) a child born in wedlock;

(B) a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred;

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation;

(D) a child born out of wedlock, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother or to its natural father if the father has or had a bona fide parent-child relationship with the person;

Veronika Miroshnichenko (A096 609 123)
Page 2

Title 8 Code of Federal Regulations (8 CFR), Section 214.2(k)(6)(ii) states, in pertinent part:

Upon contracting a valid marriage to the petitioner within 90 days of his or her admission as a nonimmigrant pursuant to a valid K-1 visa issued on or after November 10, 1986, the K-1 beneficiary and his or her minor children may apply for adjustment of status to lawful permanent resident under section 245 of the Act. Upon approval of the application the director shall record their lawful admission for permanent residence in accordance with that section and subject to the conditions prescribed in section 216 of the Act.

Service records indicate that you entered the United States on August 6, 2005 with a K-2 visa. Your mother (Natalia Miroshnichenko), who also entered the United States (with a K-1 visa) on August 6, 2005, married the petitioner (John Monro) on July 8, 2005. You would have been considered a "stepchild" provided you had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred. You were twenty years of age at the time your mother married the petitioner. Therefore, you do not meet the definition of a "stepchild." Moreover, you are not considered a child since you are no longer under the age of twenty-one.

The Service reviewed your application to determine if you are eligible to adjust status under the Child Status Protection Act (CSPA). The CSPA changed who could be considered a "child" for the purpose of adjustment of status. However, an alien who is a K-2 (child of a K-1 Fiancé) is prohibited from utilizing the CSPA when seeking to adjust status. The CSPA does not apply to an alien obtaining K-2 or K-4 visas or extensions. While nothing would necessarily prohibit an alien who once was a K-4 from seeking to utilize the CSPA upon seeking adjustment, an alien who is a K-2 cannot utilize the CSPA when seeking to adjust.

According to 8 CFR, Section 245.1(c)(6), any alien admitted to the United States as a nonimmigrant as defined in Section 101(a)(15)(K) of the INA, is ineligible to apply for adjustment of status to that of a lawful permanent resident.

Section 245 of the INA states:

[t]he status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General . . . to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and a immigrant visa is immediately available at the time his application is filed.

A K-2 (the nonimmigrant classification issued to you) alien who is over the age of eighteen may adjust status provided they satisfy the requirements for adjustment of status under Section 245 of the INA. However, you are not eligible to adjust status under Section 245 of the INA because an immigrant visa is not immediately available to you.

Because of the aforementioned, your application to adjust status is hereby denied.

Title 8 Code of Federal Regulations, Section 274a.12(c)(9) allows an alien who has filed an application for adjustment of status to lawful permanent resident pursuant to Section 245 of the INA to obtain employment authorization during the period the application is pending. However, you are no longer eligible for employment authorization as of the date of this decision because your application for permanent residence is no longer pending.

Veronika Miroshnichenko (A096 609 123)
Page 2


It appears that this decision leaves you without lawful immigration status and you are therefore present in the United States in violation of the law. Without a lawful immigration status you are required to depart the United States. Remaining in the United States without authorization may result in the initiation of removal proceedings against you and may affect your ability to return to the United States in the future.


Sincerely,

*Robert L. Blackwood*

Robert L. Blackwood
Field Office Director