UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONIKA MIROSHNICHENKO,<br><br>   Plaintiff,<br><br> vs.<br><br>ROBERT L. BLACKWOOD, Field Office Director, United States Citizenship & Immigration Services,<br><br>   Defendant. | No. 08 C 0293<br><br>Judge: Norgle |

**PLAINTIFF'S LOCAL RULE 56.1(a) STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

Plaintiff, pursuant to Local Rule 56.1(a), hereby submits the following Statement of Undisputed Facts in support of her Motion for Summary Judgment:

**Parties**

1. Veronika Miroshnichenko is the plaintiff is this action and an applicant for registration of permanent residence or adjustment of status.

2. Defendant Robert L. Blackwood, at all times relevant to this action, was field office director of the Chicago District Office of the United States Citizenship and Immigration Services (USCIS), an agency within the Department of Homeland Security which is charged by law with the duty of processing and adjudicating applications to *Register Permanent Residence or Adjust Status, Form I-485,* under the Immigration and Nationality Act and was acting within the scope of his employment.

**Jurisdiction and Venue**

3. The Court has federal question jurisdiction over Plaintiff's suit pursuant to 28 U.S.C. § 1331, in that Plaintiff alleges Defendant misinterpreted federal immigration law in ruling her ineligible to register permanent residence or adjust status.  Both parties have previously submitted memoranda on the issue of jurisdiction.

4. The Northern District of Illinois is the proper venue as the incident complained of occurred in Chicago, Illinois and Plaintiff resides in Oswego, Kendall County, Illinois.

**Undisputed Material Facts**

5. Plaintiff was born October 28, 1984 and is a citizen of the Russian Federation.

6. On March 22, 2005, The U.S. Embassy in Moscow issued a K-2 visa to Plaintiff, concomitant with K-1 visa being issued to her mother. Both visas were issued pursuant to an approved *Petition for Alien Fiancé(e), Form I-129F*, filed by a United States Citizen and Non-Immigrant Visa Applications (Forms DS-156) approved by the U.S. Embassy in Moscow under statutory authority afforded by INA §214(d).

7. On May 25, 2005, Plaintiff's mother traveled to the United States and was admitted for a period of ninety days for the purpose of marriage to the United States Citizen petitioner.

8. Plaintiff's mother married the United States Citizen petitioner on July 8, 2005. Since Plaintiff's mother married within the required ninety days, she was not required to leave the United States at the end of the ninety-day period of admission.

9. After the marriage of her mother, Plaintiff traveled to the United States and was admitted on August 6, 2005 and assigned an alien registration file number of A-096609123. Since Plaintiff's mother married within the required ninety days, Plaintiff was also not required to leave the United States at the end of the ninety-day period of admission.

10. On August 18, 2005, Plaintiff and her mother filed forms *I-485, Application to Register Permanent Residence or Adjust Status*. Each checked box "c" under Part 2 of the application which is labeled, *"I entered as a K-1 fiancé(e) of a United States Citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). [Attach a copy of the fiancé(e) petition approval notice and a copy of the marriage certificate.]"*

11. Under the heading *"Who may file?"*, the printed instruction published by USCIS and which accompany form I-485 reads, *"If you were admitted as the K-2 child of such a fiancé(e), you may apply to adjust status based on your parent's adjustment application."*

12. On May 15, 2006, Plaintiff and her mother attended an interview at the Chicago District Office for adjudication of their I-485 applications.

13. Subsequent to the May 15, 2006 interview, Plaintiff's mother's legal permanent resident status was registered. However, Plaintiff was notified in a letter dated

June 16, 2006 that she was deemed ineligible for legal permanent residence due to her reaching the age of 21 prior to final adjudication.

      14.      On April 23, 2007 and Pursuant to a Motion to Reconsider, Defendant issued an "Amended Decision on Adjustment of Status Application," in which he re-affirmed the earlier decision to deny and declaring the Plaintiff ineligible on account of her age at the time of final adjudication.

      15.      There is no appeal from this agency action per 8 CFR § 245.2(c)

      Respectfully submitted,

Dated this 29th day of February, 2008      s/ Veronika Miroshnichenko
      503 Waterford Drive
      Oswego, Illinois 60543
      Ph: 630-636-6149
      E-Mail: veronika.miro@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following documents:

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**PLAINTIFF'S LOCAL RULE 56.1(a) STATEMENT OF UNDISPUTED**
**FACTS IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

were served on February 29, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.


s/ Veronika Miroshnichenko
503 Waterford Drive
Oswego, Illinois 60543
Ph: 630-636-6149
E-Mail: Veronika.miro@gmail.com