# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0293 | **DATE** | 5/27/2008 |
| **CASE TITLE** | | Miroshnichenko vs. Blackwood | |

**DOCKET ENTRY TEXT**

Motion by Defendant Blackwood to dismiss for lack of jurisdiction [10] is granted. Motion by Plaintiff Miroshnichenko for summary judgment [13] is denied as moot.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

  Before the Court is a motion to dismiss Plaintiff's complaint for judicial review filed by the Field Office Director for the U.S. Citizenship & Immigration Services, Robert Black ("Defendant"), pursuant to Rule 12 (b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The Plaintiff, Veronika Miroshnichenko ("Plaintiff"), is a citizen of Russia who now lives in Chicago. On August 18, 2005 the Plaintiff filed a Form I-485, seeking to register as a permanent resident of the United States or, in the alternative, to receive an adjustment of status to a Legal Permanent Resident under the Immigration and Nationality Act ("INA"). In June 2006 Plaintiff received a letter from the United States Citizenship and Immigration Services, an agency within the Department of Homeland Security ("USCIS"), denying her application for adjustment of status because of her age. The Defendant issued an Amended Decision on April 23, 2007, which outlined the reasons why Plaintiff's age served as a reason to deny Plaintiff's I-485 application. Plaintiff, in turn, sought direct relief in this Court. Plaintiff, through this action, is seeking judicial review of the Defendant's decision to deny her adjustment of status of application. On January 15, 2008 the Court ordered the parties to brief the issue as to whether the Court has jurisdiction to adjudicate this matter. In compliance with the Court's January 15 Order, the Defendant filed its motion to dismiss, which the parties have fully briefed. For the following reasons, the motion is granted.

  The plain language of 8 U.S.C. § 1252(a)(2)(B)(ii) bars courts from reviewing any discretionary decisions of the Attorney General made under the authority of sections 1151 through 1378 of Title 8 of the United States Code. See El-Khader v. Monica, 366 F.3d 562, 566 (7th Cir. 2004). Only discretionary decisions by the Attorney General to grant asylum under § 1158(a) are expressly excepted from the force and effect of § 1252(a)(2)(B)(ii). Id. Accordingly, this language raises the immediate issue of whether a decision by the Secretary of Homeland Security to deny an application for adjustment of status is one that is discretionary. See Holy Virgin Protection Cathedral of the Russian Orthodox Church Outside Russia v. Chertoff, 499 F.3d 658, 660 (7th Cir. 2007) (raising this issue in regards to the Secretary's decision to deny a revoked visa). If it is, then the Court must find that the decision is precluded from judicial review. See El-

| STATEMENT |
|---|

Khader, 366 F.3d at 567 (holding that judicial review of the revocation of a visa is precluded, so long as that decision is discretionary in nature).

In this case, Plaintiff is an applicant for adjustment of status under 8 U.S.C. § 1255, section 245 of the INA. Section 245 of the Immigration and Nationality Act states that an alien's status may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence [...]." 8 U.S.C. § 1255, Sec. 245 [emphasis supplied]; Howell v. INS, 72 F.3d 288, 290-91 (2nd Cir. 1995). This language places the ultimate decision regarding an alien's status within the sound discretion of the Attorney General or his delegates, which includes the Secretary of Homeland Security. In this way, Congress stripped the federal courts of their jurisdiction to review decisions made by the Attorney General or his delegates pursuant to § 1255, which is precisely what happened in this case. As it turns out, Plaintiff has no jurisdictional basis to institute in this Court an action for judicial review of the denial of an application for adjustment of status. The complaint must therefore be dismissed for lack of subject matter jurisdiction.

To evade dismissal, the Plaintiff insists that the Court should retain jurisdiction pursuant to the Declaratory Judgment Act ("DJA") and the Administrative Procedure Act ("APA"). But neither statute provides an independant basis for jurisdiction. The DJA "does not confer jurisdiction but rather, provides an additional remedy where jurisdiction already exists." Amoakowaa v. Reno, 94 F. Supp. 2d 903, 906 (N.D. Ill. 2000) (Coar, J.) (citing Balanyi v. Local 1031, Int'l Brotherhood of Elec. Workers AFL-CIO, 374 F.2d 723, 724 (7th Cir. 1967)). And as we explained above, there is no independant jurisdiction basis for this claim; thus, the DJA does not apply. Id. Likewise, under the APA, 5 U.S.C. § 704, an "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." Here, a denial of an adjustment of status is not made reviewable by statute and it is not a final action, so the APA offers no basis for jurisdiction. Afsharzadehyadzi v. Perryman, 214 F. Supp. 2d 884, 888 (N.D. Ill. 2002) (Bucklo, J.) (holding that Plaintiffs' claims for denial of adjustment of status are not reviewable under the APA) (citing Holasek v. U.S. Dep't of Justice, 123 F. Supp. 2d 1126, 1129 (N.D. Ill. 2000 (Darrah, J.)).

For the foregoing reasons, Plaintiff's complaint is dismissed under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction.

IT IS SO ORDERED.